FILED

14 OCT 24 PM 2: 47

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO DE LA TORRE-DELGADILLO,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CASE NO. 14-CV-1237-BEN<br>13-CR-2949-BEN<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**<br><br>**(2) DENYING CERTIFICATE OF APPEALABILITY**<br><br>[Civil Docket No. 1/Criminal Docket No.33] |

Petitioner Pedro De La Torre-Delgadillo has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Docket No. 33).[1] For the reasons stated below, the Motion is **DENIED**.

## BACKGROUND

Petitioner was arrested on July 14, 2013, and was later charged by information with a violation of 8 U.S.C. § 1326, Attempted Entry After Deportation. (Docket Nos. 1, 9). On September 17, 2013, Petitioner pled guilty to the sole count pursuant to a Plea Agreement with the United States. (Docket Nos. 13, 15). This Court accepted his plea on October 2, 2013. (Docket No. 18). On February 18, 2014, this Court sentenced Petitioner to 24 months imprisonment and two years supervised release. (Docket Nos.

---

[1] All docket numbers refer to the criminal docket, 13-CR-2949-BEN.

28, 29).

Petitioner filed the instant Motion on May 15, 2014. The United States filed an Opposition on July 24, 2014. (Docket No. 42). Petitioner did not file a traverse.

## LEGAL STANDARD

A district court may "vacate, set aside or correct" the sentence of a federal prisoner that was imposed in violation of the Constitution or a law of the United States. 28 U.S.C. § 2255(a). A district court must hold an evidentiary hearing before denying a § 2255 motion, unless it is conclusively shown that the prisoner is entitled to no relief. 28 U.S.C. § 2255(b). If it is clear the petitioner has failed to state a claim, or has "no more than conclusory allegations, unsupported by facts and refuted by the record," a district court may deny a § 2255 motion without an evidentiary hearing. *United States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986).

## DISCUSSION

A. Legal Standard for Ineffective Assistance of Counsel

All of Petitioner's claims before this Court pertain to allegations of ineffective assistance of counsel.

A petitioner asserting an ineffective assistance of counsel claim must demonstrate that: (1) defense counsel's performance was deficient; and (2) this deficient performance prejudiced the petitioner's defense. *Strickland v. Washington*, 466 U.S. 668, 690-92 (1994). To establish performance is deficient, Petitioner must show that his counsel's representation "fell below an objective standard of reasonableness." *Id.* at 687-88. Due to the difficulties inherent in evaluating the performance of counsel after the fact, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689. To demonstrate prejudice, a defendant must show that there is a "reasonable probability" that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

B.  Ground One: Failure to Advise of Constitutional Rights

Petitioner claims that his attorney did not advise him of the "Boykin trial rights guaranteed to him by the Fifth and Sixth amendments," and that this resulted in an "unknowing and involuntary guilty plea, in violation of the due process clause of the Fifth Amendment." (Mot. at 5). He contends that he should have been advised "pursuant to Rule 11 of the Federal Rules of Criminal Procedure," and asks that this Court vacate the sentence to allow the Petitioner, "if he so chooses to enter a knowing, intelligent and voluntary guilty plea. . . ." (*Id.*)

A review of the record shows that Petitioner's argument is without merit. First, the Plea Agreement, signed by Petitioner, confirms that Petitioner fully discussed the nature of the charge and the plea with his counsel. (Docket No. 15, Plea Agreement at 3, 5). Petitioner explicitly waived his Fifth and Sixth Amendment rights, as stated in the Plea Agreement. (*Id.* at 4). And, Petitioner affirmed that he knowingly and voluntarily pled guilty. (*Id.* at 5).

Second, *Boykin v. Alabama*, 395 U.S. 238, 242 (1969), requires courts to determine whether a defendant entering a guilty plea (1) has knowingly and voluntarily pled guilty, and (2) understands the consequences of entering a guilty plea. On September 17, 2013, the Court held a Change of Plea Hearing pursuant to Federal Rule of Criminal Procedure 11, which satisfied *Boykin*. During that hearing, the Court clearly informed Petitioner of his rights and also explained the consequences of waiving those rights. (Docket No. 44, Plea Hr'g Tr. 4:3-22, 5:4-7). Petitioner affirmatively acknowledged that he understood his rights and the consequences of entering a guilty plea. (*Id.* at 5:8-12). He further told the Court that he was satisfied with the services of his attorney, and that he had no questions regarding the Plea Agreement. (*Id.* at 9:3-8).

Third, on February 18, 2014, the Court held a Sentencing Hearing. The hearing was yet another opportunity for Petitioner to resolve any issues he may have had, deny that he had waived his rights, or withdraw his guilty plea. Petitioner did none of that.

Instead, when the Court asked if Petitioner agreed that he waived his right to appeal and collaterally attack, Petitioner answered, "Yes." (Opp'n, Gov. Ex. 1 at 8:3-5).

Thus, this Court is persuaded that Petitioner's counsel informed Petitioner of his Constitutional rights. However, even if Petitioner's counsel did fail to advise Petitioner of his rights, and that he was waiving those rights, the result of Petitioner entering a guilty plea would have remained the same because both the Court and the Agreement Petitioner signed advised him of those rights. Petitioner's plea was therefore made after being fully informed of his rights and the fact that he was giving them up by pleading guilty. This claim is therefore denied on the merits.

C. Ground Two: Failure to Object to Presentence Report

Petitioner claims that his counsel was deficient in failing to object to the underlying conviction relied upon in the Presentence Report ("PSR"). (Mot. at 6). He contends that the probation officer made a recommendation based on an alleged conviction for an aggravated felony, but did not identify which conviction the recommendation was relied upon. (*Id.*) Petitioner also claims the probation officer failed to identify the statute of conviction, or provide supporting documentation. (*Id.*) He claims that the district court erred in relying on these "bare assertions" and that "[b]ecause aggravated felony statutes include conduct that does not qualify as a crime of aggravated felony, the district court's error affected Petitioner's [substantial] rights and should be corrected."[2] (*Id.*)

Again, this Court is not persuaded by Petitioner's argument. The record indicates that Petitioner's counsel did in fact object to the PSR's calculation of the Guidelines by written motion, and counsel raised the issue during the sentencing hearing. (Opp'n, Gov. Ex. 1 at 2:19-22; Docket No. 24, Objection to PSR). Specifically, Petitioner's counsel argued that the PSR erred by finding that Petitioner's

---

[2] Petitioner states that he is bringing an ineffective assistance of counsel claim. However, to the extent Petitioner's claim might be interpreted as a challenge to this Court's calculation and imposition of his sentence, Petitioner has waived his right to collaterally attack his sentence. (Docket No. 15, Plea Agreement at 5, 15).

2010 conviction merited a 16-level enhancement. (Docket No. 24, at 2-5). Additionally, the PSR made a recommendation based upon a specific conviction, supported by judicially noticeable documents. (Opp'n, Gov. Ex. 1 at 2:24-3:19).

Even if Petitioner's counsel failed to object, the Court would have still imposed the enhancement because the PSR identified the particular conviction upon which the enhancement relied. Thus, Petitioner's claim fails here as well. Additionally, this ground presents no basis for challenging the voluntariness of Petitioner's plea or the Plea Agreement. As discussed above, Petitioner was fully informed of his trial rights when he entered the Agreement and pled guilty. As the waiver is valid, Petitioner has waived his right to collaterally attack this Court's sentence on grounds other than ineffective assistance of counsel. This claim is therefore denied on the merits.

D. Ground Three: Failure to Provide Petitioner an Opportunity to Allocute

Petitioner claims that defense counsel was ineffective because he did not give Petitioner a chance to allocute. (Mot. at 8). He asks the Court to vacate the sentence to allow him to provide a "full allocution statement" because he was "not provided an opportunity to speak to the Court." (*Id.*)

Petitioner's claim is clearly rebutted by the record. Petitioner was given an opportunity to address this Court at sentencing, and made statements to the Court. (Opp'n, Gov. Ex. 1 at 5:20-6:4). This Court therefore denies this claim.

E. Ground Four: Failure to File Timely Notice of Appeal

Petitioner contends that the right to counsel extends to his direct appeal, and that counsel's failure to file a notice of appeal violated his constitutional rights. (Mot. at 9). Although somewhat difficult to understand, Petitioner apparently seeks an opportunity to make a direct appeal. (*Id.*)

It is deficient for counsel to fail to file an appeal when requested, even if there are no non-frivolous grounds for appeal or the defendant agreed to waive his right to appeal. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000); *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1197-98 (9th Cir. 2005).

1  Here, Petitioner presents no evidence of any request that Petitioner's counsel file
2  an appeal.  Nor is there any evidence from the record that supports Petitioner's claim.
3  On the contrary, the record reveals that Petitioner was satisfied with his counsel's
4  services (Docket No. 44, at 9:3-5), and that Petitioner knowingly waived his right to
5  appeal. (Opp'n, Gov. Ex. 1 at 7:25-8:5).

### F. Evidentiary Hearing

Petitioner is not entitled to an evidentiary hearing.  *Quan*, 789 F.2d at 715 (stating where the record demonstrates that a petitioner has failed to state a claim, a district court may deny a § 2255 motion without an evidentiary hearing).  It is abundantly clear that the four Grounds upon which Petitioner makes his ineffective assistance of counsel claim are refuted by the record.  Petitioner failed to make any assertions or provide any evidence that suggests the contrary.  Given the foregoing discussion, this Court finds that Petitioner cannot succeed upon his claims, and is entitled to no relief.

### CONCLUSION

In accordance with the conclusions set forth above, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DENIED**.

A court may issue a certificate of appealability where the petitioner has made a "substantial showing of the denial of a constitutional right," and reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserve encouragement to proceed further.  *See Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003).  This Court finds that Petitioner has not made the necessary showing.  A certificate of appealability is therefore **DENIED**.

**IT IS SO ORDERED.**

DATED: October 24, 2014

HON. ROGER T. BENITEZ
United States District Judge